**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **HARVEY S. HULL** | * | |
| | * | |
| Petitioner, | * | |
| | * | Criminal Case No. RWT 05-0109 |
| v. | * | Civil Case No. RWT 06-1593 |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Petitioner Harvey S. Hull has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Paper No. 15). Also pending are several additional motions filed by Hull after full briefing on his first motion and setting forth additional grounds for vacating, setting aside, and correcting his sentence, as well as the Government's motion to dismiss these successive pleadings. (Paper Nos. 18, 19, 21, 22, 23, 24, and 25.) For the reasons that follow, the Court will deny Hull's original section 2255 motion, and grant the Government's motion to dismiss Hull's successive pleadings.[1]

---

[1] The Court is also in receipt of a motion by Hull for Extension of Time to File Reply; and Motion for Plea and Sentencing Transcripts that was signed by Hull on September 20, 2006. Although Hull included a certificate of service dated September 20, 2006, indicating that this pleading was served upon the Government, it does not appear to have been filed with the Clerk of the Court. A copy of this motion, however, was attached to Hull's later Application to Proceed without Prepayment of Fees and Affidavit. (Paper No. 20). This motion requests (1) additional time in which to file his reply in support of his original section 2255 motion, and (2) transcripts of his Rule 11 rearraignment proceeding and his sentencing hearing. It also requests that the Court hold his section 2255 petition in abeyance until such time as he receives the requested transcripts and is able to file appropriate amendments to his petition.

The Court will consider this attachment to Paper No. 20 to have been filed on September 20, 2006, the date on which the certificate of service was filed, and will direct the Court to docket it accordingly. The Court will grant the motion in part and deny it in part,, granting nunc pro tunc Hull's motion for extension of time and for the Rule 11 plea transcript but denying the request for sentencing transcript. The Court will not, however, hold the section 2255 motion in abeyance pending amendment, as requested by Hull.

**I.**

On October 3, 2005, Petitioner Hull pleaded guilty to receiving child pornography, 18 U.S.C. § 2252A(a)(2)(A), possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B), and criminal forfeiture, 18 U.S.C. § 2253(a)(3).[2]  Hull was sentenced to seventy months imprisonment on January 10, 2006.

Hull did not file an appeal, but timely filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on June 21, 2006.  Hull's initial motion challenges his sentence on three grounds: (1) ineffective assistance of counsel for improperly computing his offense level, (2) ineffective assistance of counsel for failing to notify Hull that he was entitled to a safety valve under U.S.S.G. § 5C1.2, and (3) "unreasonably and overly broad and unduly burdensome" terms of supervised release.  Subsequent to the Government's response and to Hull's reply, Hull filed numerous motions with the Court that the Government moves to dismiss.[3]

**II.**

In order to challenge a sentence without a direct appeal, as Hull attempts to do,

> the movant must show cause and actual prejudice resulting from the errors or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [I]n order to demonstrate a miscarriage of

---

[2] According to the stipulated statement of facts in support of Hull's guilty plea, a computer technician repairing Hull's computer found numerous images depicting minor females exposing their genitalia.  The technician contacted the FBI and, upon executing a search warrant, agents found as many as 150 images that depicted the sexual exploitation of minors.  Some of the images involved a prepubescent minor or a minor under the age of twelve years; others portrayed sadistic or masochistic conduct or violence.  All of the images were shipped and transported in interstate and foreign commerce by way of a computer.

[3] These additional motions include (1) Amended Motion to Vacate, filed on October 13, 2006 (Paper No. 18), (2) Motion for Order to Show Cause, filed on November 2, 2006 (Paper No. 19), (3) Motion to Dismiss, filed on November 3, 2006 (Paper No. 21), (4) Amended Motion to Vacate on November 3, 2006 (Paper No. 22), and (5) Amended Renewed Motion to Show Cause, filed on November 6, 2006 (Paper No. 23).  After the Government's Motion to Dismiss these motions, Hull additionally filed a Motion for the Request of Trial and Court Records on June 25, 2007 (Paper No. 25), and Motion for Appointment of Counsel on December 5, 2007 (Paper No. 26), the latter of which was denied without prejudice by the Court.

> justice . . . , a movant must show actual innocence by clear and convincing evidence."

*United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). This type of procedural default, however, must be based outside the defense, relying on the novelty of the claim or a denial of effective assistance of counsel. *Id.* at 493.

In order to prove ineffective assistance of counsel, a convicted defendant must first show that counsel's performance was so deficient "that counsel was no longer functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that his attorney's deficient performance prejudiced the defendant to such a degree that it deprived him of a fair trial. *Id*.

### III.

The Court first addresses Hull's initial section 2255 motion and then addresses subsequent pleadings by the parties.

### A. Petitioner's Original Section 2255 Motion

As mentioned, Hull sets forth three grounds for relief in his initial section 2255 motions, two concerning the alleged ineffective assistance of his counsel and one pertaining to the purported "unreasonable and overly broad, and unduly burdensome" nature of his conditions of supervised release. In his original section 2255 motion, Hull urges that his attorney provided ineffective assistance in two ways. First, Hull claims that his attorney agreed to an incorrect base offense level of twenty-two in the stipulated sentencing guidelines of the plea agreement. He contends that eighteen is the correct level.

Hull's attorney, however, could not have been incompetent on these grounds as the stipulated guidelines level was correctly computed. According to U.S.S.G. § 2G2.2(a), the proper base offense

3

level is 18 if the defendant is convicted under 18 U.S.C. § 1466A(b), § 2252(a)(4), or § 2252A(a)(5), and 22, otherwise. While Hull did plead guilty to one of these three offenses that qualify *by themselves* for a base offense level of 18, this does not end the inquiry. U.S.S.G. § 3D1.3(a) requires that, where a defendant is convicted of multiple offenses, the base offense level be determined using the offense level of the most serious count upon which the defendant is convicted. The most serious offense here is 18 U.S.C. § 2252A(a)(2)(A), which is not included in the list of offenses subject to an offense level of eighteen; therefore, Hull's offense level was increased appropriately to level 22 under section 2G2.2(a).

Hull's second ground for claiming ineffective assistance of counsel is that his attorney allegedly failed to notify him that he was eligible for the safety valve provision under U.S.S.G. § 5C1.2. The glaring deficiency with this argument is that section 5C1.2 explicitly does not apply to Hull's case. Section 5C1.2 states in its first sentence that it applies to offenses under 21 U.S.C. § 841, § 844, § 846, § 960, and § 963. Hull was not convicted under any of these statutes. In sum, then, as to both of Hull's arguments concerning counsel, the alleged attorney errors were not in fact errors at all. As such, his argument for ineffective assistance of counsel fails.[4]

Hull's final argument in his first motion is that two of the conditions of his supervised release are "unreasonably and overly broad, and unduly burdensome." The first condition restricts Hull's access to computers and the second requires him to register with any federal, state, or local sex offender registry in any location in which he resides, is employed, carries on a vocation, or is a student, as directed by the probation officer.

---

[4] Nevertheless, as stated above, the Court will provide Hull a copy of his Rule 11 proceeding transcript because he timely raised ineffective assistance of counsel in relation to his plea agreement. Again, however, because these arguments have no merit, the Court has not held the motion in abeyance because additional time would not assist Hull's faulty arguments.

Hull's challenge of his sentence cannot survive the analysis under *Mikalajunas*. *See supra* at 2. Hull does not argue actual innocence in his original motion nor is there a novel legal issue. His collateral attack on his sentence is evaluated under a heightened standard of scrutiny because he does not challenge the constitutionality of his sentence, only its legality under the statutory scheme. A non-constitutional collateral attack may only succeed if it "involves a fundamental defect which inherently results in a complete miscarriage of justice or is inconsistent with the rudimentary demands of fair procedure." *Mikalajunas*, 186 F.3d at 495-96 (internal quotation marks omitted).

The condition requiring Hull to register as a sex offender merely requires him to comply with the registration laws. The condition states, "as directed by the probation officer." So if, for example, Hull is not required by law to register in a given jurisdiction or for some reason the registration laws were repealed, he would of course not be directed to register where registration is not required. In this sense, Hull's argument is premature and may be renewed if and when he is required to register as a sex offender, if such directive by the probation officer is in violation of law. At bottom, this condition is intended only to ensure that Hull comply with registration laws at the time of his release; it hardly reaches the level of a "complete miscarriage of justice."

The second condition restricting Hull's access to computers also does not reach the high level necessary to sustain a statutory challenge. The condition explicitly states that Hull may use a computer for his work. The purpose of the probation officer's role in supervising such computer use is to ensure that the use of any such computer by Hull is, in fact, reasonably necessary to perform any job that Hull may have during his supervised release. As the Second Circuit noted in *United States v. Balon*, the expectation of privacy of a person on supervised release is subject to the State's special need of "supervision". 384 F.3d 38, 44 (2d Cir. 2004)(further acknowledging that

the court was mindful of the fact that, absent certain forms of supervision, a defendant might face the alternative of incarceration). In this case, Hull stipulated in his plea agreement that his computer contained as many as 150 images depicting the sexual exploitation of minors, including some images involving very young children and others portraying scenes of violence against these young victims. Given the nature and extent of this conduct, it is not at all unreasonable for this Court to limit Hull's use of the very tool that he used to perpetrate these crimes. The condition, as stated, is flexible in that it recognizes that Hull may need to use a computer as part of his employment and provides for such, but precluding Hull's use of a computer otherwise is necessary to protect the public.

### B. Petitioner's Reply to the Government's Response[5]

The Government moves to dismiss Hull's reply, along with Hull's various other subsequent motions. Although the reply was filed over two weeks late, Hull appears to have attempted to file a motion requesting an extension. *See supra* note 1. The Court will, therefore, consider it to have been timely filed. The substance of the reply, however, goes well beyond the scope of issues raised in the Government's response. As such, the Court will strike the proposed reply to the extent it raises new argument. However, even if the Court were to consider these arguments as timely raised, they are no help to Hull.

In his new arguments, Hull suggests a few additional reasons why his lawyer provided ineffective assistance that do not relate to the claims in his motion. For instance, Hull argues that his lawyer did not properly investigate the possibility that his computer was coopted by cyber-gangsters and used to download the pornographic images. He also urges that his lawyer did

---

[5] Despite its long title, the Court is considering Hull's Amended Motion Pursuant to 28 U.S.C. 2255 to Vacate, Set Aside, and Correct Sentence; and Writ of Habeus Corpus; and *Reply* in Opposition to Government's Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence as in fact just Hull's reply. Hull has shown no grounds for amending his original motion and his time for amending was up when he filed his pleading.

not have time to file objections, telling Hull that he would have to file any objections on his own and that Hull's only option was to take a guilty plea. Next, Hull states that he was never sworn in at his rearraignment and that the Court further did not appraise him of some of the rights he would be waiving by taking a plea. Additionally, he states that at his sentencing hearing he did not review his PSR and that the Court did not address the section 3553 factors when computing his sentence.

First, Hull cannot assert claims that are a departure from the original motion, setting up a different cause of action. 61A Am. Jur. 2d *Pleading* § 426 (2008); *see Kintner v. United States*, 71 F.2d 961, 962 (10th Cir. 1934). While he does argue ineffective assistance of counsel in his original motion, Hull does so on very different grounds. All of his arguments in the reply memorandum concerning the alleged deficiencies of the Rule 11 proceeding and his sentencing are entirely new arguments, not raised at all in his petition. Furthermore, Hull does not offer any explanation as to why he was unable to make these new claims in the initial motion. As such, the Court will grant the Government's motion to dismiss Hull's new arguments in his reply and his subsequent motions on these grounds.[6]

Even if the Court were to address the merits of his new arguments, Hull's arguments would fail. The standard for ineffective assistance of counsel from *Strickland* is difficult to meet. *See supra* at 2. Counsel is not obligated to chase down every theory concocted by a client. Given the offer that was made to Hull, which included a three level decrease in offense level, and the strength of the evidence against Hull, including his own voluntary statements to the FBI, advising

---

[6] In addition, it should be noted that Hull cannot challenge the underlying facts of his conviction, as his guilty plea constitutes a waiver of "'the right to contest the factual merits of the charges.'" *United States v. Parson*, 57 Fed. Appx. 134, 135 (4th Cir. 2002) (quoting *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993)). Insofar as his reply could be read to be asserting such a claim, it is barred. Hull agreed to a set of stipulated facts and signed a statement that those facts were true and correct. Barring some extraordinary situation, which is not alleged, he cannot now assert that the facts are not true.

Hull to take the guilty plea offer does not rise to the level of not providing counsel at all, and in fact seems to have been sound advice.

Hull's argument regarding the Rule 11 colloquy also fails on the merits. Like the standard for a collateral attack on a sentence, the standard for a collateral attack on a Rule 11 proceeding is similarly high. Such relief is not available for technical defaults barring a showing of prejudice and a defendant must show that "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Stanford*, 990 F. Supp. 402, 408 (D. Md. 1997).

Hull alleges that he was never sworn in at the Rule 11 proceeding. The record reflects that he was sworn in. (Hr'g Tr. 1:15-2:4, Oct. 3, 2005). Hull alleges that the Court did not advise him that he would face jail time. The record reflects the Court's thorough discussion of the possible sentence Petitioner faced, even stating at one point the range of months within which he was actually sentenced. (*Id*. 7:25-8:10, 17:21-18:22, 26:3-26:17). Further, the Court told Defendant that one of the charges to which he was pleading guilty carried a mandatory minimum sentence of five years imprisonment. (*Id*. 7:25-8:10, 26:3-26:17). Hull alleges that the Court never advised him of all of the rights he was waiving in his guilty plea including the right to be protected from self-incrimination, the right to compel the attendance of witnesses, and the right to testify and present evidence. All of these rights and their waiver were explained in detail to Hull. (*Id*. 22:11-22:16, 23:1-23:15, 23:21-24:4). The record of the Rule 11 proceeding reflects a long, thorough procedure that fully appraised Hull of his rights and fully discharged the Court's legal responsibilities.

Hull's attack on his sentencing hearing is even more flawed. The standard for a collateral attack on a sentence that could have been raised on appeal is onerous. *See supra* at 2. Hull has not met his burden of showing a miscarriage of justice. He is unable to show that any of the alleged defects altered the outcome of his sentencing. His offense level was properly computed and agreed to by the parties in the plea agreement. This included a three level decrease for acceptance of responsibility. The Court accepted this recommendation. The Court further sentenced him under Criminal History Category I and to the minimum time allowed within the guidelines. Essentially, the Court gave him the lowest sentence possible within the guidelines. Hull has not even hinted at a reason why a downward departure was merited. Clearly his sentence is not a "complete miscarriage of justice."[7]

### C. Petitioner's Subsequent Filings

Not only are Hull's original motion and reply flawed, but also his subsequent untimely filings are of no avail to him. Hull has filed a number of motions, although many of them are merely duplicates that he re-filed. *See supra* note 3. First, Hull's motions to show cause and motion to dismiss must be denied. The court is not obligated to consider such subsequent motions and, second, his claims are substantively flawed as well.

Defendant's Motion for Order to Show Cause can be treated merely as a motion challenging the Court's jurisdiction over the case. Hull argues that the Government did not prove or allege that the images found on his computer had traveled in interstate commerce. While this motion will be dismissed because it does not relate back to the original 2255 motion and was untimely filed, it can

---

[7] Because the Court actually dismisses this argument as untimely, which is also invalid on its merits, the Court will not provide the sentencing transcript.

also be denied on the merits. Hull agreed in the stipulated facts in support of his guilty plea that the images did travel in interstate commerce. As stated above, Hull cannot now challenge the underlying facts of his guilty plea. *See supra* at 6. Furthermore, the internet can be regulated by the federal government as both an instrumentality and a channel of commerce. *United States v. MacEwan*, 445 F.3d 237, 245 (3d Cir. 2006) (addressing commerce clause jurisdiction generally, but in a case regarding the challenge of the jurisdictional hook of 18 U.S.C. § 2252).

Defendant's Motion to Dismiss is considered by the Court to be a motion to dismiss the indictment. In addition to the fact that Hull cannot raise this new legal theory in a subsequent motion, his claim is also incorrect. Hull urges that the Government has the wrong man because his birth date is incorrect on the indictment. The form that allegedly has the incorrect birth date, however, is not the indictment itself, but rather the Defendant Information Sheet. Next to the title "Birth date" there is an asterisk leading to the statement "Optional unless a juvenile." As the rest of the information, including Hull's address, is correct and the fact that the birth date is listed as optional, this typographical error on a form is not fatal to the indictment. Hull has never during the course of the entire process, from FBI investigation through court proceedings and prison, alleged that he is the wrong man. He has no basis to do so now at this late hour.

**IV.**

For the foregoing reasons, Hull's Motion to Vacate, Set Aside, or Correct Sentence will be denied by separate order. His subsequent motions challenging his conviction and sentencing will

be dismissed as untimely.  Hull's Motion to Proceed In Forma Pauperis will be granted.  Hulls' request for transcripts will be granted for his rearraignment, but will be denied for his sentencing.


Date: September 3, 2008                              /s/
                                          ROGER W. TITUS
                                     UNITED STATES DISTRICT JUDGE